UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDY YVETTE NORTON a/k/a
TEQUILA A. SMITH,

     Petitioner,

-vs-                                   Case No.  8:05-cv-1417-T-27MAP

STATE OF FLORIDA, et al.,

     Respondents.

_____/

## ORDER

Before the Court is a petition for writ of habeas corpus (hereinafter "petition") filed by an inmate in a Florida penal institution *pro se* pursuant to 28 U.S.C. § 2254 challenging a sentence entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1), and Petitioner's memorandum of law in support of the petition (Dkt. 2). Petitioner's challenge relates to her 2001 conviction for robbery. Respondent filed a response to the Petition (Dkt. 12), and Petitioner filed a reply to the response (Dkt. 19). The matter is now before the Court for consideration on the merits of the petition.

### Background

On July 26, 2000, Petitioner was charged by Information with robbery and felony petit theft (Dkt. 13, Ex. 1 at 7-10). On March 26, 2001, Petitioner waived her right to a jury trial (Id. at 17). Following a bench trial, Petitioner was found guilty of robbery and sentenced as a prison releasee reoffender to fifteen (15) years minimum mandatory imprisonment (Id. at 20-27).

Petitioner appealed (Id. at 28). Counsel for Petitioner filed a brief pursuant to Anders v.

California, 386 U.S. 738 (1967), finding no meritorious argument for a claim of reversible error (Dkt. 13, Ex. 2). Petitioner did not file a pro se brief. On May 17, 2002, the appellate court per curiam affirmed Petitioner's conviction and sentence (Dkt. 13, Ex. 5); *Norton v. State*, 819 So. 2d 768 (Fla. 2d DCA 2002)[table].

On December 18, 2002, Petitioner filed a Motion for Postconviction Relief pursuant to Fla. R. Crim. P. 3.850 (Dkt. 13, Ex. 7 at 27-37). Therein, Petitioner claimed her trial counsel was ineffective because: 1) he "erroneously" advised her that "it would be in your best interest to let the judge sentence you, because if you go with a jury, the jury will hang you[;]" 2) he failed to explain to her the benefits of a jury trial, and, consequently, her decision to waive a jury trial was not knowingly and voluntarily made; 3) he denied her her right to a jury trial; and 4) he failed to conduct an adequate investigation of her case, specifically, that she was a drug addict which could have been used as a defense (Id. at 32-34). The state court initially summarily denied Petitioner's 3.850 motion; however, Petitioner appealed, and the appellate court affirmed the denial of grounds 2 through 4, but reversed as to ground one and remanded the case "for the trial court to attach portions of the record that refute her claim or to hold an evidentiary hearing." (Id. at 50-51); *Norton v. State*, 851 So. 2d 862 (Fla. 2nd DCA 2003). Following an evidentiary hearing, the state trial court denied ground one of Petitioner's 3.850 motion (Id. at 54-56).

Petitioner, represented by counsel, appealed the denial of her 3.850 motion (Dkt. 13, Ex. 8). In her brief, Petitioner argued that the trial court erred in denying her 3.850 motion when it relied on information and facts that were not supported by the record, and that nothing in the record indicated that Petitioner's waiver of a jury trial was voluntarily, intelligently, and knowingly made (Id.). On April 29, 2005, the appellate court per curiam affirmed the denial of her 3.850 motion

(Dkt. 13, Ex. 10); *Smith v. State*, 907 So. 2d 533 (Fla. 2nd DCA 2005)[table].[1]

Petitioner filed a timely petition for federal habeas relief on July 26, 2005,[2] raising two

claims for relief:

1.   Her right to due process under the Fourteenth Amendment was violated when her attorney coerced her into waiving her right to a jury trial; and

2.   Her attorney rendered ineffective assistance of counsel when he advised her to waive her right to a jury trial and proceed with a bench trial.

In response, Respondent asserts that Petitioner fails to meet the threshold requirements for

relief under § 2254(d) and (e), and that Ground One is procedurally barred. Having carefully

reviewed the record, applicable statutes, and controlling case law, and being duly apprised of the

arguments presented by the parties, for reasons set forth *infra*, the Court agrees that Petitioner is not

entitled to habeas relief.

## Evidentiary Hearing

The Court has carefully reviewed the record and concludes Petitioner is not entitled to an

evidentiary hearing. *See Smith v. Singletary*, 170 F.3.d 1051, 1053-54 (11th Cir. 1999). The pertinent

facts of the case are fully developed in the record before the Court. *See Cave v. Singletary*, 971 F.2d

1513, 1516 (11th Cir. 1992). Thus, no additional evidentiary proceedings are required. *See High v.*

*Head*, 209 F.3d 1257, 1263 (11th Cir. 2000), *cert. denied*, 532 U.S. 909 (2001) (citing *McCleskey v.*

*Zant*, 499 U.S. 467, 494 (1991)).

## Standard of Review

---

[1]Petitioner is also known as "Tequila Smith."

[2]Although the Court received Petitioner's petition on July 29, 2005, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). Petitioner executed her petition on July 26, 2005 (Dkt. 1 at 14).

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), signed into law on April 24, 1996, amended the statutes governing federal habeas relief for state prisoners. Because Petitioner filed her petition after April 24, 1996, the AEDPA provisions are applicable to the petition. *See Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Mobley v. Head*, 267 F.3d 1312, 1316 (11th Cir. 2001), *cert. denied*, 536 U.S. 968 (2002) (finding that the court must deny the writ unless one of two § 2254(d) exceptions applies).

Section § 2254 creates a deferential standard for federal court review of state court adjudications. In pertinent part, § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Eleventh Circuit interpreted the new standard in *Putman v. Head*:

> The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are separate bases for reviewing a state court's decisions. *See Williams v. Taylor*, 529 U.S. 362, 404-05, 120 S.Ct. 1495, 1519, 146 L.Ed.2d 389 (2000). A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case. *See Bottoson v. Moore*, 234

F.3d 526, 531 (11th Cir. 2000).

A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. *See id.* An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context. *See id.* Notably, an "unreasonable application" is an "objectively unreasonable" application. *See Williams*, 529 U.S. at 412, 120 S.Ct. at 1523.

Lastly, § 2254(d)(1) provides a measuring stick for federal habeas courts reviewing state court decisions. That measuring stick is "clearly established Federal law." 28 U.S.C. § 2254(d). Clearly established federal law is *not* the case law of the lower federal courts, including this Court. Instead, in the habeas context, clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state court decision." *Williams*, 529 U.S. at 412, 120 S.Ct. at 1523.

268 F. 3d 1223, 1241 (11th Cir. 2001) (footnotes omitted).

Because a state court initially considered the issues raised in the petition and entered a decision on the merits, § 2254(d) governs the review of Petitioner's claims. *See Mobley*, 267 F.3d at 1316. In a decision addressing the level of deference a federal habeas court should accord the state court's decision under § 2254(d), the Supreme Court stated:

A federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system. . . . [however], deference does not imply abandonment or abdication of judicial review. Deference does not by definition preclude relief. A federal court can disagree with a state court's credibility determination and, when guided by AEDPA, conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence.

*Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A petitioner has the burden of overcoming all state court factual determinations by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1) ("a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the

presumption of correctness by clear and convincing evidence.").

**Discussion**

**Ground One**

In Ground One, Petitioner asserts that her Fourteenth Amendment right to due process was violated when her trial counsel coerced her into waiving her right to a jury trial. Respondent argues that this claim is procedurally barred because Petitioner never presented this claim to the state courts. Having conducted a thorough review of the record, the Court agrees.

Title 28 U.S.C. § 2254(b) requires the exhaustion of state court remedies before a federal habeas corpus application will be entertained. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998)("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners 'federal rights'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). In the state courts, Petitioner did not raise the claim that her due process rights under the Fourteenth Amendment were violated when her attorney coerced her into waiving her right to a jury trial.[3] Accordingly, this claim is procedurally barred.

A petitioner's claims or portions of claims which are not exhausted but would clearly be barred if returned to state court must be dismissed. *See Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir.

---

[3]This finding is buttressed by the fact that Petitioner only asserted claims of ineffective assistance of counsel in her Rule 3.850 post-conviction motion (Dkt. 13, Ex. 7 at 32-34).

1993). Here it would be futile to dismiss this case to give Petitioner the opportunity to exhaust Ground One because she could have and should have pursued the claim on direct appeal or, if claiming ineffective assistance of counsel, in a timely postconviction motion. The state procedural rules precluding a second direct appeal and a second or successive Rule 3.850 motion, and the time limitations for bringing an appeal and 3.850 motion, bar Petitioner's returning to state court to present the claim. *See* Fla. R. Crim. P. 3.850(b),(f); Fla. R. App. P. 9.110(b).

A procedural default will only be excused in two circumstances. First, Petitioner may obtain federal habeas review of a procedurally defaulted claim if she shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson v. Haley*, 353 F.3d 880, 892 (11th Cir. 2003). To show "'prejudice," Petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Haley*, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson v. Haley*, 353 F.3d at 892. The fundamental

miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Furthermore, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (quoting *Schlup*, 513 U.S. at 324)(internal quotation marks omitted).  The *Schlup* Court stated that the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F. 3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause)(footnote omitted).

Petitioner does not allege or demonstrate cause and prejudice.  In her Reply, Petitioner does assert "Petitioner states a constitutional violation has resulted in the conviction of <u>actual innocence</u> [sic]." (Dkt. 19 at 5)(emphasis in original).  However, she fails to demonstrate a credible claim of actual innocence because she does not present new reliable evidence, nor do her allegations suggest that any such evidence exists. *See Calderon*, 523 U.S. at 559.  Therefore, Petitioner has failed to make the requisite showing of actual innocence to permit this Court to reach the merits of her underlying claim.

**Ground Two**

In Ground Two, Petitioner claims that she was denied her Sixth Amendment right to

effective counsel when trial counsel misadvised her to waive her right to a jury trial, and instead proceed with a bench trial. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). In order to show a violation of the Sixth Amendment right to counsel, Petitioner must satisfy the two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Bell v. Cone*, 535 U.S. 685, 698 (2002)(courts should apply *Strickland* to claims that counsel failed to satisfy constitutional requirements at specific points). First, Petitioner must demonstrate that the attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, Petitioner must prove prejudice, in that she "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*,466 U.S. at 694. Petitioner must prove both prongs of *Strickland*. Therefore, if Petitioner fails to establish either deficient performance or prejudice, the court need not address the other prong. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,....that course should be followed."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

"[C]ounsel is strongly presumed to have rendered adequate assistance and made all

significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," a petitioner must demonstrate that error by counsel prejudiced the defense. *Strickland*, 466 U.S. at 691-92.

Finally, to establish that counsel's conduct was unreasonable, a petitioner must demonstrate "that no competent lawyer would have taken the action that his lawyer did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000), *cert. denied*, 531 U.S. 1204 (2001).

Petitioner asserts her counsel was ineffective for telling her "it would be in your best interest to let the Judge sentence you because if you go with a jury, the jury will hang you," and that counsel's "misadvice" deprived her of her right to a jury trial. She claims that but for counsel's advice, she would have proceeded with a jury trial. In her Reply, Petitioner argues, in a conclusory fashion, that if she had proceeded with a jury trial she "would have at least had a reasonable probability that the result of the proceeding would have been different, due to no evidence and testimony only and with all reasonable law would have been found 'not guilty' or 'aquitted [sic].'" (Dkt. 19 at 4)(emphasis in original).

Petitioner raised this claim in her Rule 3.850 state postconviction motion (Dkt. 13, Ex. 7

at 32-33). Following an evidentiary hearing, the state court denied the claim and stated, in

pertinent part, as follows:

> In ground 1, Defendant claims ineffective assistance of counsel. When ineffective
> assistance is alleged, the burden is on the person seeking collateral relief to
> specifically allege the grounds for relief and to establish whether the grounds
> resulted in prejudice. Effective assistance of counsel does not mean that a
> defendant must be afforded errorless counsel or that future developments in law
> must be anticipated. Meeks v. State, 382 So. 2d 673 (Fla; 1980). In Strickland v.
> Washington, 466 U.S. 668, 104 S. Ct. 2052,80 L. Ed. 2d 674 (1984), the U.S.
> Supreme Court provided the following standard for determining ineffective
> assistance of counsel:
>
>> The benchmark for judging any claim of ineffectiveness must be
>> whether counsel's conduct so undermined the proper functioning of
>> the adversarial process that the trial cannot be relied on as having
>> produced a just result. A convicted defendant's claim that counsel's
>> assistance was so defective as to require reversal of a conviction . .
>> . has two components. First, the defendant must show that
>> counsel's performance was deficient. This requires showing that
>> counsel made errors so serious that counsel was not functioning as
>> the "counsel" guaranteed the defendant by the Sixth Amendment.
>> Second, the defendant must show that the deficient performance
>> prejudiced the defense. This requires showing the errors were so
>> serious as to deprive the defendant of a fair trial, a trial whose
>> result is reliable. . . Tlhe proper standard for attorney performance
>> is of reasonably effective assistance.
>
> 466 U.S. at 686-687. In Downs v. State, 453 So. 2d 1102 (Fla. 1984), the Florida
> Supreme Court stated that the defendant must affirmatively prove prejudice. The
> test' for prejudice is:
>
>> [Tlhat there is a reasonable probability that, but for counsel's
>> unprofessional errors, the result of the proceeding would have-
>> been different. A reasonable probability is a probability sufficient
>> to undermine confidence in the outcome.
>
> Strickland, 466 U.S. at 694.
>
> Specifically, Defendant claims ineffective assistance of counsel due to
> counsel's erroneous advice to Defendant that it would be in her best interest to let
> the judge sentence her because if Defendant went with a jury, the jury would hang

her. Defendant further claims that but for that advice, Defendant would have proceeded to a jury trial.

At the November 25, 2003 evidentiary hearing, Defendant testified that her counsel told her that if she went to a jury trial, the jury would hang her. (See November 25,2003 Transcript, pages 7 and 9, attached). She further testified that she thought her counsel meant that it would be worse if she went before a jury rather than before a judge. (See November 25, 2003 Transcript, page 7, attached). However, at that same hearing, when asked if he ever told Defendant that the jury would hang her if she actually went before a jury, Defendant's trial counsel Mr. Charles Traina testified as follows:

> No. I don't say things like that. I wouldn't have said that. There may have been other things I may have said, but. that wouldn't have been one of them.

(See November 25, 2003 Transcript, page 13, attached). Moreover, when asked if Defendant ever expressed to him that she did not understand the difference between going before a Judge to determine the outcome of her case, Mr. Traina responded as follows:

> It's not my memory that she expressed any kind of misunderstanding, and I believe that if she would have, I wouldn't have allowed it to be presented to the Court. I wouldn't have allowed her to sign it if I thought that there was some kind of confusion about it.

(See November 25, 2003 Transcript, page 13, attached).

After reviewing the Mandate, ground 1, the testimony, evidence, and argument presented at the November 25, 2003 evidentiary hearing, the court file, and the record, the Court finds Mr. Traina's testimony to be more credible than that of Defendant as Defendant has an interest in the case. The Court further finds that Mr. Traina did not tell Defendant that it would be in her best interest to let the judge sentence her because if Defendant went with a jury, the jury would hang her. Consequently, Defendant has failed to meet the first prong of Strickland in that she has failed to prove counsel acted deficiently when counsel never told her that it would be in her best interest to let the judge sentence her because if Defendant went with a jury, the jury would hang her. Since Defendant has failed to meet the first prong of Strickland, it is unnecessary to address the prejudice component. See Downs v. State, 740 So. 2d 506, 518 n. 19 (Fla. 1999). As such, no relief is warranted upon ground 1.

(Dkt. 13, Ex. 7 at 54-56). To obtain relief on this ineffective assistance claim, Petitioner must establish that the state court unreasonably applied *Strickland* or unreasonably determined the facts in denying his Rule 3.850 motion.

At the evidentiary hearing, trial counsel testified that prior to Petitioner signing the Waiver of Right to Trial by Jury form ("form"), he and Petitioner discussed the differences between a jury and bench trial, and he read the form to, and discussed it with, Petitioner (Dkt. 13, Ex. 7 at 79). He also testified that he would not have allowed Petitioner to sign the form if she was confused about the implications of signing the form (Id. at 81). He further attested that he never told Petitioner that if she had a jury trial "the jury would hang her." (Id.). During cross-examination, trial counsel testified that he explained to Petitioner, off the record, her right to a jury trial (Id. at 83-84).

Based on the testimony adduced at the evidentiary hearing, the state court reasonably concluded that trial counsel did not tell Petitioner that "it would be in her best interest to let the judge sentence her because if Defendant went with a jury, the jury would hang her." Therefore, to the extent Petitioner claims trial counsel was ineffective for making that statement to her, she fails to show that counsel performed deficiently.

To the extent Petitioner claims that trial counsel rendered ineffective assistance by advising her to waive her right to a jury trial and proceed with a trial before the bench, Petitioner has failed to demonstrate how counsel's alleged advice was deficient. Moreover, Petitioner has failed to demonstrate prejudice by showing that a trial by jury would have had a different outcome. Accordingly, Petitioner has not met either prong of the *Strickland* standard.

Finally, it appears Petitioner claims that her waiver of her right to a jury trial was not knowing, intelligent, and voluntary (Dkt. 2 at 7-8).[4] Before a defendant's waiver of the right to a jury trial can become effective, it must be determined that defendant expressly and intelligently consented to the waiver. *See Patton v. United States*, 281 U.S. 276, 312 (1930) ("[n]ot only must the right of the accused to a trial by a constitutional jury be jealously preserved, [but] before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant."); *Adams v. United States*, 317 U.S. 269, 277 (1942)("[O]ne charged with a serious federal crime may dispense with his Constitutional right to jury trial, where this action is taken with his express, intelligent consent[.]"). "[W]hether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case." *Adams*, 317 U.S. at 278.

Petitioner has the burden to establish that her jury trial waiver was not expressly and intelligently made. *See Adams*, 317 U.S. at 281(holding that a habeas petitioner who waived his right to counsel should bear the burden of showing that his waiver was not freely and intelligently made). Petitioner expressly waived her right to a jury trial when she signed the Waiver of Right to Trial by Jury form (Dkt. 13, Ex. 1 at 17). The form clearly stated that Petitioner was entitled to a jury trial; that Petitioner understood that by signing the form her case would be heard without a jury, and that only one person, the Judge, would decide the facts and law of the case; that if Petitioner signed the form she could not later change her

---

[4]In her state 3.850 postconviction motion, Petitioner did assert "[t]he waiver was not knowingly, voluntarily or understandingly given by Defendant." (Dkt. 13, Ex. 7 at 33).

mind and reinstate her right to a jury trial; and that she was "freely and voluntarily" waiving

her right to a jury trial (Id.). Furthermore, during the evidentiary hearing on Petitioner's

3.850 motion, trial counsel testified that before Petitioner signed the waiver form he

discussed the differences between a jury and bench trial with Petitioner; he read the waiver

form to her and discussed it with her; he underlined the word "Judge" on the form so that

Petitioner would clearly understand who was going to decide the case if she waived a jury

trial; and that he would not have allowed Petitioner to sign the waiver form if he had any

indication from Petitioner that she was confused about the implications of signing the form

(Dkt. 13, Ex. 7 at 78-83). Based upon a review of the record, Petitioner does not establish

that her waiver of her right to a jury trial was not expressly and intelligently made.

To the extent Petitioner claims that the record does not establish a knowing and

voluntary waiver of her right to a jury trial, and the state court failed to make an inquiry into

the waiver, it is undisputed that she executed the written waiver form which explained her

right to a jury trial, and that by signing the form she was voluntarily waiving her right to a

jury trial and the case would be decided by the Judge (Dkt. 13, Ex. 1 at 17). Given this

written waiver, the record demonstrates a knowing and voluntary waiver. The Sixth

Amendment does not require a particular colloquy by the state trial court. *Cabberiza v.*

*Moore*, 217 F.3d 1329, 1333-34 (11th Cir. 2000), *cert. denied*, 531 U.S. 1170 (2001).

Whether the state court was required to conduct an on the record colloquy under Florida law

is a state law issue not cognizable on federal habeas review. Accordingly, Petitioner is not

entitled to federal habeas relief on this claim.

## Conclusion

For reasons set forth *supra*, the Court finds that Petitioner has not demonstrated that she is entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1.  The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on ___*May 21*$^{st}$___, 2008.

_____
JAMES D. WHITTEMORE
United States District Judge

SA:sfc

Copy to: All Parties/Counsel of Record